[Civ. No. 67212. Second Dist., Div. Seven. Sept. 30, 1983.]

NORMAN MILLER, Plaintiff and Appellant, v.
MODERN BUSINESS CENTER et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

---

\*The second and third issues of this opinion are not certified for publication (Cal. Rules of Court, rules 976, 976.1). See, *post,* page 636.

**COUNSEL**

Norman Miller, in pro. per., for Plaintiff and Appellant.

Michael J. Ulisse for Defendants and Respondents.

## OPINION

**JOHNSON, J.**—Plaintiff appeals from a judgment for defendant after a court trial. The issues on appeal are:

1. Did the court err in excluding from evidence a commercial publication offered by the plaintiff?

2. Was there sufficient evidence to support the court's findings of fact?

3. Should plaintiff be sanctioned for prosecuting a frivolous appeal?

(The second and third issues are discussed in the unpublished portion of this opinion.)

### FACTS

In April 1979 plaintiff Miller purchased a Sharp model 810 copying machine and a service agreement from the defendant Modern Business Center. Subsequently Miller became dissatisfied both with the performance of the machine and the service rendered by defendant. He sued for breach of contract and fraudulent misrepresentation. At the core of Miller's complaint is his allegation that defendant represented the model 810 as the most up-to-date and technologically advanced model available when, in fact, defendant knew or should have known that the model 810 had been superseded by a model 811 which was then available or would be available in a short time.

The trial court rendered judgment for defendant.

The court specifically found that plaintiff failed to meet his burden of proof that the model 810 was not the most technologically advanced Sharp model available at the time of his purchase.

### DECISION

■ 1. *Documentary evidence offered by plaintiff to prove the availability of the new model 811 copier was properly excluded on hearsay and relevancy grounds.*

Plaintiff's main contention in this case is that defendant falsely represented that the model 810 copier he bought was the most up-to-date model available. As evidence of the falsity of this representation plaintiff sought to introduce a page from a book published by the Datapro Research Corporation. That document which was published in 1981 purports to show a

newer model (model 811) was available at the time plaintiff purchased the model 810 in 1979.

Plaintiff contends that the Datapro publication was admissible under the hearsay exception for commercial lists and the like. (Evid. Code, § 1340.)[1]

The first requirement of section 1340 is that the offered evidence must be a statement (other than an opinion) contained in a published compilation. There is no doubt that the Datapro publication met this requirement.

The second requirement is that the compilation must be generally used and relied upon as accurate in the course of a business—in this case, the sale of copying machines. We interpret the second requirement to mean that the compilation must be relied upon as accurate with respect to the statement or class of statements being offered into evidence.

We base our interpretation on the justification for this hearsay exception— the trustworthiness of these compilations. Trustworthiness is reasonably assured by the fact that the business community generally uses and relies upon the compilation and by the fact that its author knows the work will have no commercial value unless it is accurate. (6 Wigmore on Evidence (1976 ed.) § 1702, p. 38; 4 Cal. Law Revision Com. Rep. (1963) p. 338.) It necessarily follows that where a hearsay statement is to be excepted under section 1340 there must be a showing either that this particular statement was generally used and relied upon as accurate in the course of business or that the particular statement is of a class of statements which is generally used and relied upon in the course of business.[2] Thus, it would be enough if the foundational testimony established that businesses had actually relied on the accuracy of the specific entry which the proponent of the published compilation seeks to introduce. But it also would be sufficient under section 1340 if the proponent showed that businesses generally relied on the accuracy of the class of entries of which this is an example.

---

[1]Section 1340 provides: "Evidence of a statement, other than an opinion, contained in a tabulation, list, directory, register, or other published compilation is not made inadmissible by the hearsay rule if the compilation is generally used and relied upon as accurate in the course of a business as defined in Section 1270."

[2]The foregoing interpretation is supported by rule 63(30) of the Uniform Rules of Evidence on which section 1340 is based. Rule 63(30) excepts from hearsay, "Evidence of a statement . . . contained in a . . . published compilation *to prove the truth of any relevant matter so stated . . . .*" (Italics added.) The emphasized words were deleted by the California Law Revision Commission from its recommended statute "because they are unnecessary." (4 Cal. Law Revision Com. Rep., *supra,* at p. 338.) The commission felt that it was obvious from the definition of hearsay (Evid. Code, § 1200) that the particular statement to be excepted had to meet the trustworthiness test of section 1340.

The rationale for requiring evidence that a published compilation is relied upon either for the accuracy of the specific entry or at least the class of entries relevant to the case is readily apparent. Commercial lists and other compilations often derive different types of information from different sources. The same publication may assemble some classes of information from reliable sources yet have to look to less dependable sources for other data. Businesses thus may have learned to place great faith in some portions of a publication but to approach other sections with great skepticism.

 In the case at bar, this requirement was not met. By way of foundation, plaintiff's expert witness testified that the Datapro publication was relied upon by copier dealers for information on pricing and reliability of copiers. But no evidence was offered that copier dealers had relied on the accuracy of the specific entry plaintiff sought to introduce—the statement Sharp "introduced" the newer copier (model 811) in July 1978. Nor was there a showing the Datapro publication was relied upon for the class of statements relevant to this case—information regarding introduction or availability of new machines in the United States.

Even if the Datapro publication came within section 1340 it was properly excluded as irrelevant. (Evid. Code, § 350.) The Datapro publication contains no information on the issue of availability of the model 811. It merely states that model 811 was "introduced" in July 1978. We note that the machine is manufactured in Japan. Thus it may have been introduced in Japan in July 1978 but not introduced in the United States until sometime after plaintiff purchased the model 810.

Moreover, even if the machine was "introduced" in the United States in July 1978 as, for example, at a trade show, that does not mean it was available for purchase by the public at that time. (See, e.g., *S. E. C.* v. *Bausch & Lomb, Inc.* (2d Cir. 1977) 565 F.2d 8, 17, ¶ D.) Finally, the Datapro publication offered by plaintiff was published in 1981. There is no showing that had defendant consulted Datapro information in February 1979, when plaintiff purchased the model 810, it would have discovered that a new model had been introduced.

(The remainder of the court's opinion is not published. (Cal. Rules of Court, rules 976, 976.1.)

*2. There Is Sufficient Evidence to Support the Trial Court's Findings.* *

. . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 632.

3. *Defendants Request for Sanctions Is Denied.* *

. . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Schauer, P. J., and Paez, J.,† concurred.

---

*See footnote, *ante*, page 632.
†Assigned by the Chairperson of the Judicial Council.